IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XAPT CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>DEERE & COMPANY, INC.,<br><br>    Defendant. | Civil Action No. 20-477-CFC |

Michael J. Flynn, Aubrey J. Morin, Andrew M. Moshos, R. Judson Scaggs, Jr., Zi-Xiang Shen, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware

  *Counsel for Plaintiff*

Kara E.F. Cenar, S. Patrick McKey, GREENSFELDER, HEMKER & GALE, P.C., Chicago, Illinois; Ronnie L. White, II, Mary Ann L. Wymore, GREENSFELDER, HEMKER & GALE, P.C., St. Louis, Missouri; Lauren Jaffe, Mariangela Seale, RILEY SAFER HOLMES & CANCILA LLP, Chicago, Illinois; James L. Higgins, Steven W. Lee, Melanie K. Sharp, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware

  *Counsel for Defendant*

## **MEMORANDUM OPINION**

August 17, 2020
Wilmington, Delaware

[signature]
                                    COLM F. CONNOLLY
                                    UNITED STATES DISTRICT JUDGE

Pending before me is Plaintiff XAPT Corporation's motion pursuant to 28 U.S.C. § 1447(c) to remand this case to the Delaware Court of Chancery, D.I. 10, from which it was removed to this Court by Defendant Deere & Company, Inc., D.I. 2. XAPT also seeks by its motion an award of attorney's fees and costs incurred as a result of the removal. D.I. 10. Deere opposes XAPT's motion. D.I. 25.

## I. BACKGROUND[1]

XAPT's business is "focused exclusively" on providing its proprietary management system NAXT to heavy equipment dealers. D.I. 4 ¶ 16. NAXT is a computer software program that offers a "streamlined set of functionalities that manage all aspects of [a] business, from sales and rentals to human resources." *Id.*

Deere concluded in 2013 that "its dealers worldwide used a number of different and incompatible dealer management systems that did not allow for

---

[1] The following facts are taken from the allegations in the Complaint. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("Ruling on whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. . . . In so ruling the district court must assume as true all factual allegations of the complaint.").

uniformity and easy integration with respect to core business functions." *Id.* ¶ 1. In 2015, Deere "approached XAPT" to form a "strategic partner[ship]" that "would be predicated upon XAPT modifying [NAXT] to accommodate the existing needs of Deere's dealers." *Id.* ¶ 17. The modified NAXT "would be licensed to Deere who would in turn license it to its dealers." *Id.*

XAPT and Deere executed four interconnected contracts to govern their relationship, two of which are relevant to the pending motion: a Master Agreement and a Subscription Delivery Agreement (SDA). *Id.* at 12 ¶ 20. The Master Agreement governs all statements of work, deliverables, products, and services provided by XAPT to Deere. *Id.* at 12–13 ¶¶ 21–22. The SDA states in relevant part that XAPT owns the intellectual property to the original NAXT software system and any Deere-specific modifications to NAXT, *id.* at 16–17 ¶¶ 35–38; the SDA also grants Deere a non-exclusive license to use the modified NAXT system and allows Deere to sublicense this modified system to its dealers, *id.* at 18 ¶ 39.

The parties' working relationship deteriorated during the development of the modified NAXT system and Deere filed a civil action against XAPT on October 18, 2019 in the United States District Court for the Central District of Illinois (the Illinois Action), alleging breach of contract and fraud. *See Deere & Co. v. XAPT Corp.*, No. 4:19-cv-04210-SLD-JEH, D.I. 1 ¶¶ 110–149 (C.D. Ill. Oct. 18, 2019). On January 24, 2020, Deere emailed a letter to XAPT purporting to terminate the

2

Master Agreement and SDA on the grounds that XAPT was in material default. *See* D.I. 4 at 28 ¶ 62.

On April 3, 2020, XAPT initiated the removed action with the filing of a complaint in the Court of Chancery. *See XAPT Corp. v. Deere & Co.*, No. 2020-0252-JRS (Del.Ch. Apr. 3, 2020). In Count I of the Complaint, XAPT alleges that "[t]hrough its performance under the Master Agreement and the SDA, XAPT has provided Deere use of its intellectual property, but Deere is no longer entitled to possess or use XAPT's intellectual property because, among other breaches of contract, Deere has wrongfully terminated the Master Agreement and related agreements." D.I. 4 ¶ 81. The Complaint defines XAPT's intellectual property as including NAXT and the modified NAXT that XAPT customized for Deere, *id.* ¶ 36, as well as "design documents, workflow documents, proposals, marketing plans, specifications, training manuals, business processes, and future development plans," *id.* ¶ 38.

XAPT alleges that it "will be irreparably harmed by Deere's continued use and misappropriation of XAPT's intellectual property" and it seeks as relief an injunction to enjoin Deere from "using, accessing, transmitting, or disclosing XAPT's intellectual property," *id.* at 42, and to compel Deere "to return to XAPT all confidential information and property as required by the parties' contracts," *id.*

3

On April 7, 2020, Deere removed the Court of Chancery action to this Court pursuant to 28 U.S.C. § 1441(a). D.I. 2. XAPT filed a motion to remand under 28 U.S.C. § 1447(c) on the grounds that removal was improper because this Court lacks subject matter jurisdiction. *See* D.I. 10.

## II. LEGAL STANDARDS

"It is settled that the removal statutes [28 U.S.C. §§ 1441–1452] are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). When ruling on whether remand based on improper removal is warranted, the district court is to take as true all factual allegations in the complaint at the time the petition for removal was filed. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The defendant has the burden to show the "existence and continuance of federal [subject matter] jurisdiction." *Steel Valley Auth.*, 809 F.2d at 1010. If the defendant fails to meet this burden, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." Deere alleged in its Notice of Removal that this Court has original jurisdiction over this action under 28 U.S.C. § 1331, which confers on district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* D.I. 2 ¶ 9. Deere argues that Count I of the Complaint arises under the laws of the United States because its breach-of-contract claim "is the functional equivalent of a copyright infringement claim under [§] 106 of the Copyright Act," D.I. 25 at 1, and is therefore preempted by § 301(a) of the Act, *id.* at 3.

Section 106 of the Copyright Act confers on the owner of a copyrighted work the exclusive rights to reproduce, adapt, publish, perform, and display the work. 17 U.S.C. § 106. Section 301(a) of the Act provides in relevant part that

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title.

17 U.S.C. § 301(a). Sections 102 and 103 define the scope of copyrightable subject matter. Under § 102(a)(1), "[c]opyright protection subsists" in "literary

5

works" that are "original works of authorship." It is undisputed that computer software programs constitute literary works for purposes of § 102(a)(1). *See Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) ("Computer programs are entitled to copyright protection as 'literary works.'") (citing *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1234 (3d Cir. 1986)).

In *Dun & Bradstreet,* the Third Circuit endorsed the use of the so-called "extra element" test to determine whether the rights asserted in a state law claim are the equivalent of the exclusive rights protected by § 106. *Id.* at 217–19. Under that test, "'if a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action.'" *Id.* at 217 (citing *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1164 (1st Cir. 1994), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)). The Court held in *Dun & Bradstreet* that a misappropriation of a trade secrets claim based on a "breach of duty of trust and confidentiality" survived preemption because such a breach "would be the extra element to a copyright infringement claim." *Id.* at 218.

6

The Third Circuit has yet to address whether breach of a contractual duty provides the extra element that allows a state law contract claim to survive preemption under § 301(a). But the text of Act, the logic of *Dun & Bradstreet*, and the holdings of the courts of appeals that have addressed the issue persuade me that XAPT's breach of contract claim is not preempted by § 301(a).

First, § 301(a) extends only to "all legal or equitable rights that are equivalent to any of the exclusive rights" conferred by § 106. A contractual right, however, applies only to the contracting parties and their privies, whereas the exclusive rights created by § 106 apply to the world at large. Laws can create such exclusive rights; private contracts cannot. XAPT does not allege in its Complaint that NAXT is copyrightable under § 102, let alone that it holds the exclusive right to use NAXT under § 106. But, assuming that NAXT fell within § 102's scope, XAPT's contracts with Deere would not provide XAPT legal grounds to preclude anyone other than Deere and Deere's privies from using NAXT; only § 106 would afford XAPT that right.

Second, Deere has articulated, and I can think of, no logical basis to distinguish a breach of a "duty of trust and confidentiality" from a breach of a duty imposed by a contractual provision for § 301(a) purposes. Accordingly, under *Dun & Bradstreet*, a claim of misappropriation of intellectual property based on breach of a contractual obligation survives preemption under § 301(a).

7

Third, Deere did not cite in its briefing any court of appeal's decision that supports its contention that a contractual right is the equivalent of one of the exclusive rights created by § 106 and preempted by § 301(a). Based on my own research, however, it looks like five courts of appeals have considered the issue and each one has concluded that a contractual right is not the equivalent of a § 106 exclusive right and is not preempted by § 301(a). *See Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1318–19 (11th Cir. 2001); *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1454 (7th Cir. 1996); *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 431–32 (8th Cir. 1993); *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990); *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988).

Finally, although I will grant XAPT's request to remand the action to the Court of Chancery, I will deny its application for an award of attorneys' fees and costs. I note in this regard, that Deere cited district court cases that at least to some degree supported its position on removal and that Deere, not XAPT, cited *Dun & Bradstreet* in the first instance. I note, too, that XAPT failed to bring to my attention not only *Dun & Bradstreet*, but also the four courts of appeal's decisions that addressed the dispositive issue before me.

## IV. CONCLUSION

For the reasons discussed above, I will grant in part and deny in part XAPT's motion to remand (D.I. 10). I will grant the motion insofar as it seeks remand; I will deny the motion insofar as it seeks an award of fees and costs.

The Court will issue an Order consistent with this Memorandum Opinion.

9